UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LICK BRANCH UNIT, LLC, and    )
FOREXCO, INC.,                )
                              )
          Plaintiffs,         )
                              )      No. 3:13-CV-203
v.                            )      (COLLIER/GUYTON)
                              )
JIM REED, CHARLES BRUCE REED, and )
JAMES LUEKING,                )
                              )
          Defendants.         )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are Defendant Jim Reed's Motion to Vacate [Doc. 9] and Motion to Maintain Status Quo [Doc. 13].

**A.    Motion to Vacate**

On May 29, 2013, the Court entered a Memorandum and Order [Doc. 8], granting Plaintiff's Motion for Permission to Subpoena Third Parties [Doc. 5]. On May 30, 2013, Defendant Jim Reed filed a Motion to Vacate [Doc. 9], which moved the Court to vacate the Memorandum and Order entered the previous day.

In support of his request, Defendant Jim Reed notes that he had been served during the period between the filing of the Plaintiffs' Motion for Permission to Subpoena Third Parties and the granting of the Motion for Permission to Subpoena Third Parties. Defendant Jim Reed acknowledges that the Plaintiffs request leave to serve the subpoenas in order to determine whether additional parties should be added to this action, but he maintains that the Court should

decide the jurisdictional challenge presented in his Motion to Dismiss [Doc. 12],[1] prior to allowing the Plaintiffs to serve subpoenas.

Plaintiffs respond by stating that they have not yet issued or served any subpoenas, because Plaintiffs' counsel agreed with Defendant Jim Reed's counsel not to issue any subpoenas until the Court rules on the Motion to Vacate. [Doc. 15 at 1]. Plaintiffs acknowledge that Defendant Jim Reed has now been served. Nonetheless, Plaintiffs submit that the expedited service of subpoenas to Griffin Oil and Plateau Electric is appropriate in light of the parties' and Court's interest in expeditious discovery. [Id.]. Plaintiffs note that Defendant Jim Reed is not required to respond to the subpoenas and will not incur costs through the service of the subpoenas. [Id. at 2]. Plaintiffs move the Court to leave its previous Memorandum and Order in place.

The Court has considered the parties' positions along with the procedural posture of this case and the Federal Rules of Civil Procedure. The Court finds that the issues presented to the undersigned are best deferred until the Court has ruled on the challenge to subject matter jurisdiction presented in the Motions to Dismiss. Accordingly, the Motion to Vacate **[Doc. 9]** is **HELD IN ABEYANCE**.

If and when the District Judge determines that this Court has subject matter jurisdiction over this case, the parties **SHALL CONTACT** the chambers of the undersigned within **five (5) days** of entry of the District Judge's Order to set a motion hearing and/or discovery conference. The Plaintiffs **SHALL REFRAIN** from issuing third-party subpoenas until the Court issues a ruling on the Motion to Vacate.

---

[1] An additional Motion to Dismiss [Doc. 18], which also alleges a lack of subject matter jurisdiction, was filed by Defendant James Lueking. Mr. Lueking was served on June 18, 2013, [Doc. 17].

2

**B.       Motion to Maintain Status Quo**

In his Motion to Maintain Status Quo, Defendant Jim Reed moves the Court to enter an Order requiring the Plaintiffs to maintain the *status quo ante* in this case.  In response, the Plaintiffs state that they have not issued any subpoenas pending ruling upon the Motion to Vacate, [Doc. 16 at 1].

The Motion to Maintain Status Quo **[Doc. 13]** is **GRANTED IN PART**, to the extent stated above.  To the extent the Motion sought any additional relief, it is **DENIED IN PART**.


**C.       Conclusion**

In sum, the Motion to Vacate **[Doc. 9]** is **HELD IN ABEYANCE**, pending ruling upon the challenges to jurisdiction raised in Defendants' Motions to Dismiss, and the Motion to Maintain Status Quo **[Doc. 13]** is **GRANTED IN PART** and **DENIED IN PART**.

        **IT IS SO ORDERED**.


                                        ENTER:

                                        ___/s H. Bruce Guyton
                                        United States Magistrate Judge

3